BYRNES, Judge.
This is an appeal from the denial of a new trial in a juvenile criminal proceeding. Appellant, Kirk Anderson, was charged with first degree murder, a violation of La.R.S. 14:30. The facts leading to this conviction are as follows: On December 29, 1979, at approximately 12:40 AM, Gary Rivera was approached by two black males while walking along Behrman Street near its intersection with Lawrence Street in Orleans Parish. One of the two, later identified as the appellant, demanded Rivera’s wallet at gun point. Rivera complied, stating that he had no money. When inspection of the wallet confirmed this, appellant demanded Rivera’s leather jacket. Rivera refused and attempted to escape. As he fled Anderson fired the gun, hitting Rivera four times. Rivera died as a result of these bullet wounds.
In January 1980 the police received information from a juvenile in the custody of the Family Services Division that the appellant, Kirk Anderson, and one, Jimmy Lawrence, were the perpetrators, and that Anderson fired the shots which killed Gary Rivera. The informant allegedly had learned these facts directly from Kirk Anderson. Both Anderson and Lawrence were subsequently *935 arrested and questioned. Each made statements implicating the other. A Grand Jury indicted Anderson with first degree murder. Lawrence, because of his lesser involvement, was charged and pled guilty to accessory after the fact. Anderson entered a not guilty plea. On June 27, 1980 Anderson was adjudged delinquent and found guilty as charged. Counsel for Anderson moved for a new trial on the ground that the State had failed to disclose what he contended was Brady material contained in an alleged plea bargain with Lawrence. After a hearing the motion was denied. This denial is the sole assignment of error raised on appeal.
The record reflects that counsel for Anderson filed both a Motion to Compel Disclosure and a Bill of Particulars, requesting the disclosure of all exculpatory evidence that would or would not be used at trial, “when such evidence may be favorable to the defendant and material to the issue of guilt and/or punishment.” The State answered that it had no physical evidence or statements by either the defendant or any other person which were exculpatory or favorable to the defendant. By agreement between the assistant district attorney and counsel for Anderson the trial judge then reviewed the State’s entire file in an effort to glean any statements or other evidence which could be considered Brady material. Following this review the trial court ruled that no Brady material or other material available to the defendant under the rules of discovery was contained in the State’s file.
On appeal, counsel for Anderson alleges that a plea bargain was entered into between the D A’s office and the co-defendant Jimmy Lawrence, whereby he was charged with the lesser offense of accessory after the fact in exchange for his testimony against Anderson. Since Lawrence was the only eye witness to the crime, appellant takes the position that his credibility was material to the question of Anderson’s guilt or innocence. This position would have merit were we to agree with the appellant that a plea bargain was the inducement for Lawrence’s testimony. However, having reviewed the record, we do not feel that a plea bargain was made in this case.
At the hearing on appellant’s motion for a new trial Mr. Lindsey Larson, the assistant D.A. then in charge of screening, testified concerning his contact with Lawrence and his attorney. That testimony leaves no doubt that a plea bargain was not offered to Lawrence. In fact, the record shows that Mr. Larson had made the decision to charge Lawrence as an accessory before he had any contact with either Lawrence or his attorney.
Appellant attempts to infer a plea bargain from Mr. Larson’s action in reporting Lawrence’s cooperation to the judge who tried Lawrence’s case. This, he asserts, shows that a deal was made; namely Lawrence’s testimony in exchange for a lesser charge and a leniency recommendation to the judge. A careful reading of the entirety of Mr. Lawrence’s testimony does not support this hypothesis. When asked on direct examination why he reported Lawrence’s co-operation to the judge, Larson replied;
“It is routine for me because I believe that the Judge should know that for sentencing for the purpose of giving him information he needs to sentence this person. With all the new Supreme Court guidelines, the Judge has to take into consideration when he has to sentence, I think that this is a fact that the Judge has to know about. That the defendant he is sentencing has in fact cooperated with the authorities in one way or another in the prosecution of an offense. Whether he has participated in this offense or whether or not he has — in other words, if he had pleaded guilty to an unrelated burglary and volunteered to testify in this matter and he was not involved or anything of that nature but had come forward with some information, then I think the judge should know that also. That he co-operated with the authorities. The Judge can make up his mind whether or not he has done this to get off with a light sentence or out of a *936 sense of civic responsibility or whatever. But, my feeling in this matter the Judge should know about it so that he can make a determination as to what type of sentence Jimmy Lawrence should have gotten.”
Larson went on to say;
... I think under the law with the new Supreme Court guidelines on sentencing, that I have an obligation to bring this to the attention of the Judge.
Thus it appears that Mr. Larson’s actions were motivated not by a plea bargain with Lawrence, but by a highly commendable sense of duty to the system which he has sworn to serve. We have reviewed the entire record in this matter to be absolutely sure that no exculpatory statement was improperly withheld from the appellant at trial. We find that no such statement was in the possession of the State and therefore affirm the trial judge’s denial of appellant’s motion for new trial as well as his conviction.
AFFIRMED.